### 11581. RAKESTRAW v. LUBBOCK.

STEPHENS, J. 1. A lease contract executed by the tenant under seal and by the landlord not under seal, while not a contract under seal, is never theless a valid simple contract in writing. See, in this connection, *Allen v. Montgomery,* 25 Ga. App. 817 (105 S. E. 33).

2. Except in cases of a tenant at will or sufferance, a tenant may be dispossessed by summary proceedings only when he fails to pay the rent when due or when holding over and beyond the term for which the premises has been rented to him. It follows that the violation by a tenant of his written contract "not to sublet the premises or any part thereof without the written consent of" the landlord does not authorize the landlord to summarily dispossess the tenant. Civil Code (1910), § 5385.

3. A lease may be renewed by the tenant for an additional term by a payment of the rent, under the terms of the lease, to the duly authorized agent of the landlord; and where the tenant, after the termination of the lease contract, continues to pay rent to the agent of the landlord, who receives the rent, the inference is authorized that the lease was renewed under its terms. There appearing a conflict in the evidence as to whether or not the agent had authority to act for the landlord in receiving the rent and renewing the lease, the inference is not demanded that the lease had not been renewed and that the tenant was holding over beyond his term, or that he had not paid the rent.

4. This being a proceeding by a landlord to dispossess his tenant under the

Civil Code (1910), § 5385, and the evidence authorizing the inference that the tenant had paid the rent and that he was not holding over beyond his term, a verdict for the defendant was authorized, and the judge did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., concurs. Hill, J., disqualified.*

DECIDED FEBRUARY 24, 1921.

Certiorari; from Fulton superior court — Judge Bell. April 10, 1920.

*Lawton Nalley,* for plaintiff.

*B. H. Hill, Fred E. Harrison,* for defendant.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*